IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JACQUELINE WILLIAMS,

    Plaintiff,

v.

AT&T CORPORATION, and DOES 1 THROUGH 100,

    Defendants.
_____/

No. C 06-04666 JSW

**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE AND DISMISSING WITH LEAVE TO AMEND**

    On August 1, 2006, Plaintiff Jacqueline Williams filed a complaint and an application to proceed *in forma pauperis*. Courts must deny *in forma pauperis* applications under certain circumstances, including when the underlying complaint sought to be filed is frivolous or when it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

    In contravention of Federal Rule of Civil Procedure 8(a), Plaintiff failed to file a pleading setting forth the grounds upon which this Court has jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief, . . . and a demand for judgment for the relief the pleader seeks." Rather, Plaintiff's complaint is disjointed to the point of being incoherent and unintelligible. It is thus unclear to the Court the legal theories on which Plaintiff seeks relief, what relief she is, in fact, seeking, or the underlying factual basis for the suit.

    Furthermore, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R.

1 Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court
2 determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed.
3 R. Civ. P. 12(h)(3). California superior courts are courts of general, unlimited jurisdiction and
4 can render enforceable judgments in practically any type of case. However, federal courts have
5 limited jurisdiction. Federal courts can only adjudicate cases which the Constitution or
6 Congress authorize them to adjudicate: those cases involving diversity of citizenship (where
7 the parties are from diverse states), or a federal question, or those cases to which the United
8 States
9 is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375
10 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of
11 establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377.

12 Although it is difficult to determine what claims Plaintiff is attempting to assert, she
13 appears to be asserting state law claims. If so, Plaintiff must demonstrate that there is complete
14 diversity, meaning that the parties are citizens of different states, and that the amount at issue
15 exceeds $75,000. Plaintiff alleges that defendant AT& T is a California Corporation. If AT&T
16 is actually a citizen of California and if Plaintiff also resides in California, diversity would be
17 lacking. Moreover, it does not appear that Plaintiff is alleging that she incurred damages which
18 exceed the jurisdictional amount of $75,000. Finally, although Plaintiff mentions 42 U.S.C. §
19 2000e, she fails to allege any facts which would support bringing an employment claim against
20 AT&T.

21 For these reasons, Plaintiff's application to proceed *in forma pauperis* is HEREBY
22 DENIED WITHOUT PREJUDICE and the Complaint is DISMISSED WITH LEAVE TO
23 AMEND. If Plaintiff wishes to pursue this action, she must file an amended complaint setting
24 forth a cognizable legal claim and some factual basis to support a claim with federal jurisdiction
25 by February 2, 2007. Plaintiff may file a renewed application to proceed *in forma pauperis*
26 upon filing an amended complaint. Failure to file timely an amended complaint shall result in
27 dismissal of this action without prejudice. The Court advises Plaintiff that a Handbook for Pro
28

1  Se Litigants, which contains helpful information about proceeding without an attorney, is
2  available through the Court's website or in the Clerk's office.
3     If Plaintiff intends to pursue this action, she must provide a current phone number at
4  which she may be reached. The phone number on file, (510) 450-0407, appears to be outdated.
5     In light of this Order, the date for the Case Management Conference, previously set for
6  January 5, 2007 at 1:30 p.m., is VACATED and will be reset by the Court at a later date, if
7  necessary.

**IT IS SO ORDERED.**

Dated: January 4, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE